

# IN THE
# TENTH COURT OF APPEALS

—————————

## No. 10-10-00368-CR

**DANIEL RIVERA GARCIA,**

                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                          **Appellee**


—————————

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F43408

—————————

## MEMORANDUM OPINION

—————————

The jury convicted Daniel Rivera Garcia of two counts of sexual assault of a child. TEX. PENAL CODE ANN. 22.011(a) (2) (West 2011). The jury assessed punishment at 20 years confinement and a $10,000 fine for each count. The jury also convicted Garcia of indecency with a child and assessed his punishment at 20 years confinement and a $10,000 fine for that offense. TEX. PENAL CODE ANN. 21.11(a) (1) (West 2011). We affirm.

## Background Facts

A.M. stayed the night at the home of Garcia and his wife, Melissa, in order to babysit the following morning. A.M.'s cousin also stayed the night. A.M. testified that she slept on a mattress in the living room floor and that she woke up around 8:00 a.m. Melissa and Garcia left for work, and Melissa took A.M.'s cousin home.

A.M. testified that Garcia returned to the house around ten minutes later. She was lying on the mattress in the living room, and the children were still asleep in their rooms. A.M. said that Garcia approached her and said, "Can I smack that [a - -]?" A.M. said no and pulled the covers over her. Garcia took the covers off of A.M. and tried to pull down her shorts. A.M. told Garcia to stop. Garcia slid his hand underneath A.M.'s shorts and touched her "private." A.M. testified that Garcia lifted up her shirt and bra and put his mouth on her breast while rubbing her "private." Garcia took off A.M.'s shorts and pulled down his pants. He then put his male sex organ inside of her female sex organ.

After Garcia left, A.M. testified that she called her mom and asked if she could leave rather than staying the whole week to babysit as planned, and her mother agreed. A.M. stayed at the house until Melissa returned home from work that day. A.M.'s sister then picked her up, and A.M went home and got into the bathtub. A.M. stayed in the bathtub for several hours crying before telling her sister what had happened and then her sister told their parents.

A.M.'s sister, mother, and brother went to Garcia's house to confront him about the allegations. A.M.'s sister testified that Garcia initially denied the allegations, but

then apologized and said A.M. told him to "put it in her." A.M.'s father called the police, and A.M. was later taken to the hospital for an examination.

Connie Housley testified that she is a registered nurse and that she performed a sexual assault examination of A.M. Housley stated that A.M. had skin tears on the inside of her genitalia. A.M. also had redness on her genitalia and the area was painful to the touch. Housley testified that the findings were consistent with the history that A.M. had given of penetration with a finger and the male sex organ.

### Admission of Evidence

In the sole issue on appeal, Garcia complains that the trial court erred in refusing to admit evidence of specific instances of A.M.'s past sexual conduct. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Garcia sought to admit Melissa's testimony concerning sexual conduct between A.M. and her cousin. TEX. R. EVID. 412 (b) (1) (A) provides that in a prosecution for sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is not admissible unless it is necessary to rebut or explain scientific or medical evidence offered by the State.

The trial court held a hearing prior to trial concerning the evidence of prior sexual conduct. Melissa testified at the hearing that on the night A.M. and her cousin,

Tina, stayed in her home, she woke up to go to the restroom. Melissa heard moaning sounds coming from the living room. Melissa said that she looked into the living room and saw A.M.'s legs up in the air, and Tina had her head between A.M.'s legs. Melissa testified that A.M. was moaning and caressing herself and that she was naked. Melissa did not confront A.M., but decided to talk to her about it in the morning. On cross-examination, Melissa stated that she could not see Tina's head underneath the blanket. She never saw Tina make contact with A.M.'s vaginal area or insert anything into A.M.'s vaginal area.

Housley testified that A.M. had tearing and redness in her vaginal area. Housley stated that the injuries were consistent with penetration by a finger or male sex organ. Melissa's testimony does not rebut the medical evidence. Although Housley stated that the injuries could be caused by consensual sex, Melissa did not see any sexual contact between A.M. and Tina. Melissa could not testify that Tina penetrated A.M.'s vaginal area. The trial court did not err in refusing to admit the testimony. We overrule the sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 28, 2011
Do not publish
[CR25]